KNOXVILLE, . . . . . SEPTEMBER TERM, 1876.

WELCOME HODGES & WIFE and LOUIS SPOON & WIFE
*v.* SAMUEL GILL.

DEED OF TRUST. *Sale of land. Under after death of maker. Right to proceed not waived by judgment at law. Rights of parties.* The power of a trustee to sell land for the purpose of paying a debt, is a power to sell coupled with an interest, and is not revoked by the death of the maker of the deed. The creditor secured by the deed may proceed against the trust property as the primary fund, whether before or after the death of the debtor; and this right is not waived by obtaining a judgment at law.

FROM GRAINGER.

Appeal from the Chancery Court. H C. SMITH, Chancellor.

A. S. TATE and J. G. ROSE for plaintiffs.

J. T. SHIELDS for defendant.

McFARLAND, J., delivered the opinion of the court.

Isabella McGouldic conveyed certain lands to James T. Shields in trust to secure two debts to Sam'l Gill. The deed containing the usual power to sell if the debts are not paid in one year. Mrs. McGouldic died, leaving part of the debts thus secured unpaid.

Hodges & Wife *v.* Gill.

Gill sued the administrator of Mrs. McGouldic's estate and obtained judgment for the balance of these debts, and also for other debts not secured. Afterwards, the trustee sold the land under the deed, Gill becoming the purchaser, to whom the trustee made a deed, and who recovered the land in an action of ejectment from the heirs of Mrs. McGouldic. Thereupon this bill and amended bill were filed—Mrs. Hodges and Mrs. Spoon, being daughters of Mrs. McGouldic. The bill contains many allegations of fraud upon the part of Gill in obtaining the deed of trust and causing the sale of the land; but the argument here is narrowed down to two questions:

First. It is maintained for the complainants, " that real estate conveyed in trust to secure the payment of debts, cannot be sold under the deed of trust after the death of the maker of the deed, without first exhausting the personal assets." This proposition has been supported by an earnest and able argument, which at present we cannot review, but we hold that the proposition is not maintainable. By the deed of trust the title to the land is conveyed to the trustee with a power of sale, for the purpose of paying the debt. This power to sell is coupled with an interest and is not revoked by the death of the maker of the deed. The creditor thus secured may proceed against the trust property as the primary fund, whether before or after the death of the debtor, and this right is not waived by obtaining judgment at law. The equity of redemption which descends to the heirs may not be subjected to the payment of debts without ex-

hausting the personal assets. See Abbot's U. S. Digest, vol. 9, p. 349.

The next question made is, that as the land at the trust sale brought a larger sum than the debts secured by the deed of trust, the trustee was not authorized to allow Gill, the purchaser, to retain the surplus on other debts due him from Mrs. McGouldic, not embraced in the trust deed. The deed in terms provides that such surplus shall be paid to Mrs. McGouldic or her representative, and the trustee, of course, is accountable to the personal representative of Mrs. McGouldic for the surplus; but this does not affect Gill's title; and as neither the trustee or the administrator of Mrs. McGouldic are parties to the cause, there can be no decree in regard to this matter.

The decree of the chancellor dismissing the bill, will be affirmed with costs.